# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
05/16/2017
CT Log Number 531237466

TO: Gregory McLaughlin
IBM Corporation
1 North Castle Drive, Mail Drop 133
Armonk, NY 10504

RE: **Process Served in New Jersey**

FOR: International Business Machines Corporation  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Andy Beck, et al., Pltfs. vs. International Business Machines Corporation, et al., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Notice, Complaint, Attachment(s) |
| COURT/AGENCY: | Middlesex County Superior Court - Law Division, NJ<br>Case # MIDL234117 |
| NATURE OF ACTION: | Property Damage Litigation |
| ON WHOM PROCESS WAS SERVED: | The Corporation Trust Company, West Trenton, NJ |
| DATE AND HOUR OF SERVICE: | By Process Server on 05/16/2017 at 11:10 |
| JURISDICTION SERVED : | New Jersey |
| APPEARANCE OR ANSWER DUE: | Within 35 days from the date you received this summons, not counting the date you received it |
| ATTORNEY(S) / SENDER(S): | Michael J. Barrett<br>Wilentz, Goldman & Spitzer P.A.<br>90 Woodbridge Center Drive<br>Post Office Box 10<br>Woodbridge, NJ 07095<br>732-636-8000 |
| REMARKS: | The documents received have been modified to reflect the name of the entity being served. |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 05/16/2017, Expected Purge Date: 05/21/2017 |
| | Image SOP |
| | Email Notification,  Angela Golfo  agolfo@us.ibm.com |
| | Email Notification,  Carolann Wilson  carolann@us.ibm.com |
| | Email Notification,  Gregory McLaughlin  gmclaugh@us.ibm.com |
| SIGNED:<br>ADDRESS: | The Corporation Trust Company<br>820 Bear Tavern Road<br>3rd Floor<br>West Trenton, NJ 08628 |

Page 1 of  2 / HK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
05/16/2017
CT Log Number 531237466

**TO:**    Gregory McLaughlin
IBM Corporation
1 North Castle Drive, Mail Drop 133
Armonk, NY 10504

**RE:**    **Process Served in New Jersey**

**FOR:**    International Business Machines Corporation  (Domestic State: NY)

**TELEPHONE:**          609-538-1818

Page 2 of  2 / HK

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

**DULY SERVED**

DATE 5-16-17

John A. Kemler, Sheriff

BY _R. Sammusley_

Special Deputy

**SUMMONS**

Attorney(s)    WILENTZ, GOLDMAN & SPITZER

Office Address    90 WOODBRIDGE CENTER DRIVE
POST OFFICE BOX 10

Town, State, Zip Code    WOODBRIDGE, NJ   07095

Telephone Number    (732) 636-8000

Attorney(s) for Plaintiff

ANDY BECK AND AILEEN BECK, et al

        Plaintiff(s)

        Vs.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

et al

        Defendant(s)

**Superior Court of New Jersey**

| Middlesex | COUNTY |
| Law | DIVISION |

Docket No:    MID-L-2341-17

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

     The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

     If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

     If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

_Michelle M. Smith_

Clerk of the Superior Court

DATED:      05/02/2017

Name of Defendant to Be Served:    INTERNATIONAL BUSINESS MACHINES CORPORATION

Address of Defendant to Be Served:    c/o Corporation Trust Co., 820 Bear Tavern Rd., W. Trenton, NJ 08628

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 519-3728
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:    APRIL 21, 2017
                    RE:      BECK ANDY VS INTERNATIONAL BUSINESS MACHINES CORP
                    DOCKET: MID L -002341 17


     THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 4.

     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

     THE MANAGING JUDGE ASSIGNED IS:   HON JAMIE D. HAPPAS

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (732) 519-3737 EXT 3737.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                              ATT: MICHAEL J. BARRETT
                              WILENTZ GOLDMAN & SPITZER
                              90 WOODBRIDGE CENTER DR  STE 900
                              PO BOX 10
                              WOODBRIDGE       NJ 07095-0958

JUMGAR2



FILED & RECEIVED #3

2017 APR 18 P 2:23

CIVIL OFFICE
MIDDLESEX VICINAGE

MICHAEL J. BARRETT, ESQ. (Atty. ID 027841982)
WILENTZ, GOLDMAN & SPITZER P.A.
Attorneys at Law
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey  07095
(732) 636-8000
Attorneys for Plaintiffs

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MIDDLESEX COUNTY
DOCKET NO. MID-L- 2341-17

————————————————X

ANDY BECK and AILEEN BECK;
HEINZ BUECHI and MAHBOUBEH
BUECHI; KAREN BUSCO; EMANUEL
D'AGOSTINO and MARY
D'AGOSTINO; RONALD DRESSEL;
RICHARD GOLDIN and AMELIA
GOLDIN; JOSEPH HADDAD and
ISABELLE HADDAD; BRENDA L.
HOKE and KARL E. BRUDER;
HELEN ILNICKI; THOMAS JACOBS
and LISA JACOBS; MICHAEL JENNE
and HILLARY JENNE; THOMAS E.
KANE; GLENN LAGARENNE and
PATRICIA LAGARENNE; SCOTT
LUCKE and KRISTINE LUCKE;
LEONARD K. MACHARIA and
WANGARI GIKANGA; CRAIG
MALTESE and JANET MALTESE;
LINDA MASIELLO; ARLENE
MIKKELSEN; LENNERT NELSON
and DIANE NELSON; JOHN O'NEILL
and FRANCES O'NEILL; DAVID
PARISI; ROBERT PELLECCHIA and
MICHELLE PELLECCHIA; PAUL
PIETREFESA; SCOTT PINHEIRO
and DEBORAH PINHEIRO; SEAN
RUNYON and KRISTEN RUNYON;

Civil Action

**COMPLAINT AND JURY
DEMAND**

RAY SOCIENSKI and BEBE
SOCIENSKI; and VICTOR
STERLACCI and BLANCA
STERLACCI,

        Plaintiffs,

v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION; JOHN
DOES 1-20 (fictitious names); and
ABC CORPORATIONS 1-20 (fictitious
names),

        Defendants.

————————————————————X

Plaintiffs, by way of Complaint against the defendants, say the following:

## BACKGROUND

1. Plaintiffs herein are the owners of residential properties in Dayton, Township of South Brunswick, County of Middlesex, State of New Jersey, who reside in close proximity to the former International Business Machines Corporation ("IBM") facility located at 431 Ridge Road, Dayton, New Jersey 08810 (hereinafter "the Site" or "IBM Site").

2. The IBM Site is a 66-acre parcel located within a mixed residential and industrial section of Dayton.

3. IBM owned and operated a manufacturing plant at the Site from 1956 until 1985, where it manufactured computer tabulation cards, printer ribbons and other information-handling machine products.

4. Chlorinated solvents containing volatile organic compounds (VOCs) including 1,1,1,-trichloroethane (1,1,1, TCA), tetrachloroethylene (PCE), 1,1-

dichloroethylene (1,1-DCE) and trichloroethylene (TCE), were used by IBM at the Site, especially for punch card and ink operations and were stored in underground storage tanks located at the Site.

5. In 1977, elevated levels of VOCs, including PCE, TCE, 1,1,1, TCA, and 1,1-DCE were detected in South Brunswick Township supply well SB-11, which was located approximately 1,800 feet east of the IBM Site.

6. The VOCs which were detected in South Brunswick Township well SB-11 leaked from the underground storage tanks and transfer lines located at the IBM Site.

7. To mitigate further leakage, the underground storage tanks and transfer lines at the IBM Site were removed in the late 1970s.

8. An Administrative Consent Order (ACO) to address groundwater contamination was executed between the New Jersey Department of Environmental Protection (NJDEP) and IBM on or about May 15, 1980. The ACO required IBM to install and operate an on-Site groundwater treatment system to collect and treat impacted groundwater.

9. Groundwater treatment operations were initiated in 1978 and continue to the present. A quarterly groundwater monitoring program was also established to monitor contaminant concentration trends. Monitoring wells were installed off-Site to study whether the VOC plumes in shallow and deep groundwater migrated beyond the boundaries of the IBM Site.

10. Notwithstanding the groundwater remediation measures undertaken by IBM over the years at the IBM Site, VOCs including PCE, TCE, 1,1,1, TCA and 1,1-DCE

in the groundwater at the IBM Site migrated to the groundwater beneath the properties owned by the plaintiffs herein.

11. On or about November 30, 2015, IBM forwarded a letter to each plaintiff named herein, which letter notified the plaintiffs that their properties are within the boundaries of the presence of VOCs in groundwater and that a groundwater Classification Exception Area (CEA) will be established according to the Administrative Requirements for the Remediation of Contaminated Sites (NJAC 7:26C-7.3). According to this letter, the purpose of the CEA is to limit the use of groundwater within the boundaries of the CEA.

12. After active manufacturing operations were discontinued by IBM at the Site in 1985, IBM continued to use the Site exclusively for administrative and support services. Ownership of the Site has changed several times since 1994. The Site is currently owned by Bloomberg LP and is used for office space and document storage. Notwithstanding the change in Site ownership, IBM retains responsibility for ongoing groundwater corrective action and monitoring at the Site.

## THE PARTIES

13. The plaintiffs Andy Beck and Aileen Beck are the owners and current residents of 4 Helen Drive, Dayton, South Brunswick Township, State of New Jersey.

14. The plaintiffs Heinz Buechi and Mahboubeh Buechi are the owners and current residents of 10 Helen Drive, Dayton, South Brunswick Township, State of New Jersey.

15. The plaintiff Karen Busco is the owner and current resident of 387 Ridge Road, Dayton, South Brunswick Township, State of New Jersey.

16.    The plaintiffs Emanuel D'Agostino and Mary D'Agostino are the owners and current residents of 3 Helen Drive, Dayton, South Brunswick Township, State of New Jersey.

17.    The plaintiff Ronald Dressel is the owner and current resident of 409 Georges Road, Dayton, South Brunswick Township, State of New Jersey.

18.    The plaintiffs Richard Goldin and Amelia Goldin are the owners and current residents of 8 Helen Drive, Dayton, South Brunswick Township, State of New Jersey.

19.    The plaintiffs Joseph Haddad and Isabelle Haddad are the owners and current residents of 10 Julia Way, Dayton, South Brunswick Township, State of New Jersey.

20.    The plaintiffs Brenda L. Hoke and Karl E. Bruder are the owners and current residents of 5 Julia Way, Dayton, South Brunswick Township, State of New Jersey.

21.    The plaintiff Helen Ilnicki is the owner and current resident of 403 Georges Road, Dayton, South Brunswick Township, State of New Jersey.

22.    The plaintiffs Thomas Jacobs and Lisa Jacobs are the owners and current residents of 5 Garfield Court, Dayton, South Brunswick Township, State of New Jersey.

23.    The plaintiffs Michael Jenne and Hillary Jenne are the owners and current residents of 2 Helen Drive, Dayton, South Brunswick Township, State of New Jersey.

24.    The plaintiff Thomas E. Kane is the owner and current resident of 415 Georges Road, Dayton, South Brunswick Township, State of New Jersey.

25. The plaintiffs Glenn Lagarenne and Patricia Lagarenne are the owners and current residents of 419 Ridge Road, Dayton, South Brunswick Township, State of New Jersey.

26. The plaintiffs Scott Lucke and Kristine Lucke are the owners and current residents of 7 Helen Drive, Dayton, South Brunswick Township, State of New Jersey.

27. The plaintiffs Leonard K. Macharia and Wangari Gikanga are the owners and current residents of 13 Helen Drive, Dayton, South Brunswick Township, State of New Jersey.

28. The plaintiffs Craig Maltese and Janet Maltese are the owners and current residents of 11 Helen Drive, Dayton, South Brunswick Township, State of New Jersey.

29. The plaintiff Linda Masiello is the owner and current resident of 12 Helen Drive, Dayton, South Brunswick Township, State of New Jersey.

30. The plaintiff Arlene Mikkelsen is the owner and current resident of 376 Ridge Road, Dayton, South Brunswick Township, State of New Jersey.

31. The plaintiffs Lennert Nelson and Diana Nelson are the owners and current residents of 16 Helen Drive, Dayton, South Brunswick Township, State of New Jersey.

32. The plaintiffs John O'Neill and Frances O'Neill are the owners and current residents of 5 Helen Drive, Dayton, South Brunswick Township, State of New Jersey.

33. The plaintiff David Parisi is the owner and current resident of 6 Helen Drive, Dayton, South Brunswick Township, State of New Jersey.

34.    The plaintiffs Robert Pellecchia and Michelle Pellecchia are the owners and current residents of 20 Helen Drive, Dayton, South Brunswick Township, State of New Jersey.

35.    The plaintiff Paul Pietrefesa is the owner and current resident of 18 Helen Drive, Dayton, South Brunswick Township, State of New Jersey.

36.    The plaintiffs Scott Pinheiro and Deborah Pinheiro are the owners and current residents of 14 Helen Drive, Dayton, South Brunswick Township, State of New Jersey.

37.    The plaintiffs Sean Runyon and Kristen Runyon are the owners and current residents of 1 Helen Drive, Dayton, South Brunswick Township, State of New Jersey.

38.    The plaintiffs Ray Socienski and Bebe Socienski are the owners and current residents of 6 Garfield Court, Dayton, South Brunswick Township, State of New Jersey.

39.    The plaintiffs Victor Sterlacci and Blanca Sterlacci are the owners and current residents of 8 Garfield Court, Dayton, South Brunswick Township, State of New Jersey.

40.    Defendant IBM is a New York Corporation with its principal office located in Armonk, New York.

41.    Defendants, John Does 1-20 and ABC Corporations 1-20, are fictitious names for the owners, lessors, lessees and/or operators of the Site who in any way caused and/or contributed to the groundwater contamination of the Site and plaintiffs' properties whose identities are not presently known to plaintiffs.

## FIRST COUNT

### Negligence

42.    Plaintiffs repeat and make a part hereof each and every allegation contained in the preceding paragraphs of this Complaint and incorporate same by reference as though fully set forth herein.

43.    At all relevant times, the defendants acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of the defendants.

44.    At all relevant times, the defendants utilized certain hazardous and toxic substances as part of the manufacturing operations conducted at the Site.

45.    At all relevant times, the defendants stored hazardous and toxic substances in underground storage tanks located at the Site.

46.    At all relevant times, the defendants had a duty to construct, maintain, and/or operate the Site in a reasonably safe manner so as to safeguard those foreseeable persons, including plaintiffs, who reside near the Site from property damage caused by the emission of hazardous and toxic substances into the groundwater beneath their properties.

47.    The defendants negligently caused said hazardous and toxic substances to be discharged and released into the groundwater beneath the Site.

48.    The defendants negligently caused said hazardous and toxic substances to be discharged and released into the groundwater beneath the plaintiffs' properties.

49.    As a result of the negligence of the defendants, extensive groundwater contamination has been documented at and near the plaintiffs' properties.

50.    At all relevant times, the defendants knew or should have known that the hazardous and toxic substances discharged from their underground storage tanks were contaminating the subsurface area of the Site and would eventually spread to the groundwater beneath the plaintiffs' properties.

51.    At all relevant times, the defendants negligently failed to safely and properly halt the flow of hazardous and toxic substances from the Site to the groundwater beneath the plaintiffs' properties.

52.    As a direct and proximate result of the negligence of the defendants, (1) plaintiffs' properties have declined in value as a result of the groundwater contamination, stigma and spectre of contamination in the future; (2) plaintiffs have lost the beneficial use, enjoyment and exclusive possession of their property; (3) plaintiffs suffered property damage, economic loss and inconvenience in having to reside on properties with groundwater contamination; and (4) plaintiffs have suffered emotional distress as a result of the groundwater contamination at their properties, the decline in value of their properties, and the diminution in the quality of their lives.

WHEREFORE, plaintiffs demand judgment against the defendants for compensatory damages, interest, costs of suit and such other relief as the Court may deem just and appropriate.

## SECOND COUNT

### Strict Liability

53.    Plaintiffs repeat and make a part hereof each and every allegation contained in the preceding paragraphs of this Complaint and incorporate same by reference as though fully set forth herein.

54.    Defendants' business operations at the Site, including but not limited to the storage, handling, and/or disposal of hazardous and toxic substances in underground storage tanks, which resulted in the discharge of hazardous and toxic substances emanating from the Site and to the groundwater beneath plaintiffs' properties constituted an abnormally dangerous activity.

55.    The defendants are strictly liable for the contamination of the groundwater beneath plaintiffs' properties which directly resulted from defendants' engaging in abnormally dangerous activities.

56.    As a direct and proximate result of the wrongful acts and omissions of defendants, (1) plaintiffs' properties have declined in value as a result of the groundwater contamination, stigma and spectre of contamination in the future; (2) plaintiffs have lost the beneficial use, enjoyment and exclusive possession of their property; (3) plaintiffs suffered property damage, economic loss and inconvenience in having to reside on properties with groundwater contamination; and (4) plaintiffs have suffered emotional distress as a result of the groundwater contamination at their properties, the decline in value of their properties, and the diminution in the quality of their lives.

WHEREFORE, plaintiffs demand judgment against the defendants for compensatory damages, interest, costs of suit and such other relief as the Court may deem just and appropriate.

## THIRD COUNT

### Absolute Liability

57.     Plaintiffs repeat and make a part hereof each and every allegation contained in the preceding paragraphs of this Complaint and incorporate same by reference as though fully set forth herein.

58.     Defendants' business operations at the Site, including but not limited to the storage, handling, and/or disposal of hazardous and toxic substances in underground storage tanks, which resulted in the discharge of hazardous and toxic substances emanating from the Site and to the groundwater beneath plaintiffs' properties constituted an abnormally dangerous activity.

59.     The defendants are absolutely liable for the contamination of the groundwater beneath plaintiffs' properties which directly resulted from defendants' engaging in abnormally dangerous activities.

60.     As a direct and proximate result of the wrongful acts and omissions of defendants, (1) plaintiffs' properties have declined in value as a result of the groundwater contamination, stigma and spectre of contamination in the future; (2) plaintiffs have lost the beneficial use, enjoyment and exclusive possession of their property; (3) plaintiffs suffered property damage, economic loss and inconvenience in having to reside on properties with groundwater contamination; and (4) plaintiffs have suffered emotional distress as a result of the groundwater contamination at their properties, the decline in value of their properties, and the diminution in the quality of their lives.

WHEREFORE, plaintiffs demand judgment against the defendants for compensatory damages, interest, costs of suit and such other relief as the Court may deem just and appropriate.

## FOURTH COUNT

### Nuisance

61.    Plaintiffs repeat and make a part hereof each and every allegation contained in the preceding paragraphs of this Complaint and incorporate same by reference as though fully set forth herein.

62.    The defendants' negligent, reckless and/or intentional and unreasonable conduct in causing hazardous and toxic substances to contaminate the groundwater beneath the plaintiffs' properties resulted in the interference with the plaintiffs' rights to the exclusive use and enjoyment of their properties, and therefore constituted a nuisance.

63.    The defendants engaged in abnormally dangerous activities thereby causing hazardous and toxic substances to contaminate the groundwater beneath the plaintiffs' properties which resulted in the interference with the plaintiffs' rights to the exclusive use and enjoyment of their properties, and therefore constituted a nuisance.

64.    As a direct and proximate result of the wrongful acts and omissions of the defendants: (1) plaintiffs' properties have declined in value as a result of the groundwater contamination, stigma and spectre of contamination in the future; (2) plaintiffs have lost the beneficial use, enjoyment and exclusive possession of their property; (3) plaintiffs suffered property damage, economic loss and inconvenience in having to reside on properties with groundwater contamination; and (4) plaintiffs have

suffered emotional distress as a result of the groundwater contamination at their properties, the decline in value of their properties, and the diminution in the quality of their lives.

WHEREFORE, plaintiffs demand judgment against the defendants for compensatory damages, interest, costs of suit and such other relief as the Court may deem just and appropriate.

## FIFTH COUNT

### Trespass

65. Plaintiffs repeat and make a part hereof each and every allegation contained in the preceding paragraphs of this Complaint and incorporate same by reference as though fully set forth herein.

66. The defendants' wrongful conduct as described herein resulted in the direct physical invasion of the groundwater beneath plaintiffs' properties by hazardous and toxic substances, thereby constituting a trespass.

67. The hazardous and toxic substances emanating from the Site continue to contaminate the groundwater beneath the plaintiffs' properties.

68. The presence of hazardous and toxic substances in the groundwater beneath plaintiffs' properties is unauthorized and unreasonable, and resulted from defendants' negligent, reckless, and/or intentional conduct, and/or the defendants' engaging in abnormally dangerous activities.

69. As a direct and proximate result of the wrongful acts and omissions of the defendants:  (1) plaintiffs' properties have declined in value as a result of the groundwater contamination, stigma and spectre of contamination in the future; (2)

plaintiffs have lost the beneficial use, enjoyment and exclusive possession of their property; (3) plaintiffs suffered property damage, economic loss and inconvenience in having to reside on properties with groundwater contamination; and (4) plaintiffs have suffered emotional distress as a result of the groundwater contamination at their properties, the decline in value of their properties, and the diminution in the quality of their lives.

WHEREFORE, plaintiffs demand judgment against the defendants for compensatory damages, interest, costs of suit and such other relief as the Court may deem just and appropriate.

**SIXTH COUNT**

**Willful and Wanton Conduct**

70.    Plaintiffs repeat and make a part hereof each and every allegation contained in the preceding paragraphs of this Complaint and incorporate same by reference as though fully set forth herein.

71.    The defendants' conduct in the use, disposal, release, discharge, storage, and/or handling of hazardous and toxic substances utilized in their manufacturing operations demonstrated a willful and wanton, malicious and reckless disregard of the rights of the plaintiffs herein.

72.    As a direct and proximate result of the defendants' willful and wanton, malicious and reckless conduct in the use, disposal, release, discharge, storage and handling of hazardous and toxic substances, the groundwater beneath the plaintiffs' properties has become contaminated.

73.    As a direct and proximate result of the willful and wanton, malicious and reckless acts and omissions of the defendants:  (1) plaintiffs' properties have declined in value as a result of the groundwater contamination, stigma and spectre of contamination in the future; (2) plaintiffs have lost the beneficial use, enjoyment and exclusive possession of their property; (3) plaintiffs suffered property damage, economic loss and inconvenience in having to reside on properties with groundwater contamination; and (4) plaintiffs have suffered emotional distress as a result of the groundwater contamination at their properties, the decline in value of their properties, and the diminution in the quality of their lives.

WHEREFORE, plaintiffs demand judgment against the defendants for compensatory and punitive damages, interest, costs of suit and such other relief as the Court may deem just and appropriate.

WILENTZ, GOLDMAN & SPITZER
Attorneys for Plaintiffs

Dated: April 13, 2017                    By:_____
                                              MICHAEL J. BARRETT

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:24-4, Michael J. Barrett, Esq. is hereby designated as trial counsel in the above matter.

## CERTIFICATION OF NO OTHER PENDING LITIGATION

The matter involved here, as far as I know, is not the subject of any action pending in this or any other Court, nor is it the subject of any pending arbitration proceeding or workers compensation petition. I know of no party who should be joined in this action who has not already been joined.

WILENTZ, GOLDMAN & SPITZER
Attorneys for Plaintiffs

Dated: April 13, 2017

By: _____
MICHAEL J. BARRETT