UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

ANDY BECK, *et al.*,

          Plaintiffs,

    v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

          Defendants.
_____:

Civil Action No.: 17-4314 (FLW) (DEA)

**ORDER**

      **THIS MATTER** having been opened to the Court based upon the July 27, 2018 Report and Recommendation of United States Magistrate Judge Douglas E. Arpert (the "Magistrate Judge"), which recommended that all claims of Heinz Buechi and Mahboubeh Buechi (collectively, the "Buechi Plaintiffs") be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute; it appearing that, pursuant to Federal Rule of Civil Procedure 72(b)(2), parties "may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge within "14 days after being served with a copy of the recommended disposition," FED. R. CIV. P. 72(b)(2); it appearing that, where a party timely objects to the report and recommendation of the magistrate judge, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3); it appearing that, where "a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to *de novo* review by the district court," *Equal Employment Opportunity Comm'n v. City of Long Branch*, No. 16-2514, 2017 WL 3273407, at *4 (3d Cir. Aug. 2, 2017); *see Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007); it appearing

1

further, however, that, because the "authority and the responsibility to make an informed, final determination" remains with the district court judge, *Mathews v. Weber*, 423 U.S. 261, 271 (1976), the Third Circuit has directed that, even where a party does not timely object to a report and recommendation, the district court must "afford some level of review to dispositive legal issues raised by the report," *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987); it appearing that, the Third Circuit has "described this level of review as 'reasoned consideration,'" *Equal Employment Opportunity Comm'n*, 2017 WL 3273407 at * 4 (quoting *Henderson*, 812 F.2d at 878); it appearing that, in the instant action, Plaintiff has failed to timely object to the Magistrate Judge's Report and Recommendation, and therefore, the Court applies the "reasoned consideration" standard of review to the Magistrate Judge's Report and Recommendation; consistent with that standard, the Court makes the following findings:

1. On November 15, 2017, following the removal of this action from state court to federal district court, the Buechi Plaintiffs, along with various other named plaintiffs (collectively, "Plaintiffs"), filed an Amended Complaint asserting various tort claims against Defendant International Business Machines Corporation ("Defendant" or "IBM"). ECF No. 19.

2. Defendant filed an Answer on December 18, 2017. ECF No. 20.

3. On August 11, 2017, Defendant served its First Request for Production of Documents on the Buechi Plaintiffs.

4. On May 31, 2018, the Magistrate Judge issued a Pretrial Order, in which he indicated that, as of May 31, 2018, the Buechi Plaintiffs had failed to produce documents in response to Defendant's discovery requests. ECF No. 25 at ¶ 2. In the Pretrial Order, the Magistrate Judge ordered the Buechi Plaintiffs to respond to Defendant's outstanding

discovery requests by June 15, 2018, and indicated that failure to comply with the Order "may result in the imposition of sanctions including the dismissal of [the Buechi Plaintiffs'] claims." *Id.*

5. On June 20, 2018, Defendant submitted a letter to the Magistrate Judge, indicating that the Buechi Plaintiffs had failed to submit discovery responses by the June 15, 2018 court-imposed deadline. ECF No. 26. In the letter, Defendant argued that, as a result of the Buechi Plaintiffs' failure to produce discovery responses, the Magistrate Judge should recommend to this Court that the Buechi Plaintiffs' claims be dismissed with prejudice. ECF No. 26.

6. On June 25, 2018, the Magistrate Judge entered an Order indicating that any opposition to Defendant's letter request for dismissal be filed by July 6, 2018. ECF No. 27.

7. On July 27, 2018, the Magistrate Judge issued a Report and Recommendation, noting that the Buechi Plaintiffs had failed to respond to Defendant's discovery requests as of that date, and failed to file opposition to Defendant's letter request to dismiss this case. ECF No. 29. In the Report and Recommendation, the Magistrate Judge recommended that, as a result of the Buechi Plaintiffs' non-compliance, I dismiss their claims with prejudice. *Id.*

8. Having given "reasonable consideration" to the Magistrate Judge's Report and Recommendation, the Court finds that adoption of the same is warranted.
    a. Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a complaint for failure to prosecute, *see Iseley v. Bitner*, 216 Fed. Appx. 252, 254-55 (3d Cir. 2007), but courts must balance six factors to determine whether dismissal with prejudice is appropriate: "(1) the extent of the party's personal

*responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 474 F.2d 863, 868 (3d Cir. 1984) (emphasis in original). Here, the first factor weighs in favor of dismissal, since the Buechi Plaintiffs are personally responsible for their failure to produce responsive documents in discovery, to respond to Defendant's letter request to dismiss their claims, and to otherwise aid in the prosecution of this case. The second factor also weighs in favor of dismissal, because the Buechi Plaintiffs' actions have prejudiced the other parties in this case, who, as a result of his delay, have been deprived of the ability to effectively prepare a defense in this case. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (finding that, under *Poulis*, "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."). Additionally, the third and fourth factors weigh in favor of dismissal, since the Buechi Plaintiffs have demonstrated a history of continued unresponsiveness, including their failure to respond to Defendant's discovery requests despite the Magistrate Judge's Order warning that non-compliance could result in dismissal. *See Muhammad v. Court of Common Pleas of Allegheny Cty., Pa.*, 532 F. App'x 106, 108 (3d Cir. 2013) (finding that the third and fourth factors weighed against the plaintiff, where the plaintiff "consistently and willfully refused to participate in discovery, . . . comply

with the District Court's numerous discovery-related orders, . . . or otherwise move his case forward."). Moreover, the fifth factor also weighs in favor of dismissal, because the Buechi Plaintiffs' history of unresponsiveness, including their failure to respond to court orders, despite the Magistrate Judge's warnings that their failure to prosecute may result in dismissal with prejudice, suggests that alternative sanctions would not be effective. Finally, even if the claims in the Complaint have arguable merit, the final factor, standing alone, cannot tip the scale in favor of dismissal. *See Ware*, 322 F.3d at 222; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (explaining that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."). Accordingly, upon reasonable consideration of the Report and Recommendation, the Court finds the Magistrate Judge's reasoning appropriate, and that the *Poulis* factors weigh in favor of dismissal.

Accordingly, the Court having reviewed the Magistrate Judge's Report and Recommendation, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 20th day of August, 2018,

**ORDERED** that the Magistrate Judge's Report and Recommendation, dated July 27, 2018, is hereby **ADOPTED**; and it is further

**ORDERED** that the Buechi Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE** for failure to prosecute.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
United States District Judge